Larremore, J.
The defendant in sections 10 and 11 of his answer sets up the statute of limitations by way of avoidance of plaintiffs’ claim. The plaintiffs were required to reply thereto by order of the court, and in pursuance thereof and on information and belief deny that the action was not commenced within the time stated in the answer.
To this allegation of the reply, among others, the defendant demurs. The only part of the demurrer to be considered, is that which is addressed to the reply directed to be made, to said sections 10 and 11 of the answer.
Whether or not the facts alleged in the complaint constitute a cause of action, it is neither my purpose nor province to decide. That question should have been raised by a demurrer to the complaint and may yet be taken advantage of at the trial.
It is evident that the reply required to be made to the plea of the statute of limitations should be definite and explicit.
The party who relies on such a defense should be *399 apprised of the issue to be made upon it, whether it be one of denial or avoidance (Hubbell v. Fowler, 1 Abb. Pr. N. S., 1).
The reply in this respect is defective. It does not. show that' the action was commenced within the time prescribed by law, nor set up any of the disabilities by which its operation may have been suspended.
The denial is also defective in form. It is made upon information and belief. It should be made upon knowledge or information sufficient to form a belief (Heye v. Bolles, 2 Daly, 231).
The demurrer must be sustained, with leave to plaintiffs to serve amended reply within ten days.